IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:07CR3168 |
| | ) | |
| v. | ) | |
| | ) | |
| JAMES BYRON CRAFT, | ) | TENTATIVE FINDINGS ON OBJECTIONS |
| | ) | TO PRESENTENCE INVESTIGATION |
| Defendant. | ) | REPORT |
| | ) | |

The defendant has objected to "all of his criminal history points."

One point was assessed from the crime of sexual assault on a minor 1st degree, per paragraph 32. I agree with the probation officer's view that the conduct outlined in paragraph 32 is not a part of the failure to register as a sex offender six years later. The failure to register, per paragraph 34, on 11/16/05, as well as the failure to register, per paragraph 35, on 9/6/06 are separate crimes and separate sentences resulted. There has been no double counting of points. Paragraph 4A1.2(a)(2) of the Sentencing Guidelines says that "If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the say day. Count any prior sentence covered by (A) or (B) as a single sentence. . . ." Neither (A) nor (B) applies, so the prior sentences are counted separately.

I tentatively find that the defendant's objections are overruled.

Objections may be made to these tentative findings at the time of the sentencing, and the defendant's counsel has asked to see "source court background information . . . for which he is assessed criminal history points," and the probation officer has said that he is in the process of

gathering source documents. Those documents, of course, may be made a part of the record and used as evidence if they are factually relevant to the defendant's objections.

    Dated July 8, 2008.

                              BY THE COURT

                              s/ Warren K. Urbom
                              United States Senior District Judge